Binder v Tolou Realty Assoc., Inc. (2022 NY Slip Op 03223)





Binder v Tolou Realty Assoc., Inc.


2022 NY Slip Op 03223


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2021-01221
 (Index No. 603595/20)

[*1]Harry J. Binder, appellant, 
v
Tolou Realty Associates, Inc., et al., respondents.


Balfe & Holland, P.C., Melville, NY (Ruth O'Connor of counsel), for appellant.
Horing Welikson & Rosen, P.C., Williston Park, NY (Jaime D. Ezratty and Tiffany L. Henry of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Tolou Realty Associates, Inc., is required to meet its obligations under a certain lease, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 23, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment and, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order as denied, as academic, the defendants' cross motion for leave to file a late answer is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the defendants' cross motion for leave to file a late answer.
The plaintiff commenced this action against the defendants Tolou Realty Associates, Inc. (hereinafter TRA), and Arezou Hariri Tolou seeking, inter alia, declaratory and injunctive relief with regard to TRA's obligations under a certain lease. By notice of motion dated July 24, 2020, the plaintiff moved for leave to enter a default judgment. The defendants opposed the motion, and cross-moved for leave to file a late answer. In an order dated November 23, 2020, the Supreme Court denied the plaintiff's motion, sua sponte, directed dismissal of the complaint, and denied as academic the defendants' cross motion for leave to file a late answer. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment. On a motion for leave to enter a default judgment, the movant must submit, inter alia, evidence of the facts constituting the claim (see CPLR 3215[f]; National Loans Invs., L.P. v Bruno, 191 AD3d 999, 1001). "[A] court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the [*2]movant has met the burden of stating a viable cause of action" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). Here, the plaintiff's submissions were insufficient to enable the court to determine that the plaintiff's causes of action were viable (see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1589-1590; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 864-865). Specifically, the plaintiff's submissions were insufficient to demonstrate that the plaintiff is in privity of estate or privity of contract with TRA for the purpose of enforcing TRA's obligations under the lease (see generally New Amsterdam Cas. Co. v National Union Fire Ins. Co., 266 NY 254, 259-260).
The Supreme Court erred, however, in, sua sponte, directing dismissal of the complaint (see Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698, 698-699). "'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817, quoting U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048). Here, although the plaintiff's submissions were insufficient to demonstrate his entitlement to a default judgment, no extraordinary circumstances existed to warrant dismissal of the complaint (see First Franklin Fin. Corp. v Alfau, 157 AD3d at 866; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d at 698-699).
Since the Supreme Court denied as academic the defendants' cross motion for leave to file a late answer, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the cross motion (see Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665-666; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712).
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court