Alleyne v Rutland Dev. Group, Inc. (2023 NY Slip Op 00976)

Alleyne v Rutland Dev. Group, Inc.

2023 NY Slip Op 00976

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-02711
 (Index No. 505513/19)

[*1]Maria Alleyne, appellant, 
v
Rutland Development Group, Inc., et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark A. Berman, Dawn M. Wilson, and Jason Ganfer of counsel), for defendant Golden Bridge, LLC.

DECISION & ORDER
In an action, inter alia, to set aside a deed and to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 24, 2021. The order denied the plaintiff's motion for leave to enter a default judgment against the defendant Rutland Development Group, Inc.
ORDERED that the order is reversed, on the law, with costs payable by the defendant Golden Bridge, LLC, and the plaintiff's motion for leave to enter a default judgment against the defendant Rutland Development Group, Inc., is granted.
On February 3, 2004, the plaintiff acquired title to real property located in Brooklyn. In 2017, the property was transferred to the defendant Rutland Development Group, Inc. (hereinafter Rutland), by the deed that is the subject of this action. Rutland granted the defendant Golden Bridge, LLC (hereinafter Golden Bridge), a mortgage on the property in exchange for the sum of $625,000.
On March 13, 2019, the plaintiff commenced this action, inter alia, to set aside the deed transferring the property to Rutland, for a declaration that the deed was void, and to cancel and discharge of record the mortgage on the property. The plaintiff alleged that her signature had been forged on the deed to Rutland, that she did not receive any consideration for the transfer of the property, and that she did not know and had never negotiated with either defendant. On March 25, 2019, the plaintiff served Rutland pursuant to Business Corporation Law § 306 via service on the
Secretary of State.
Golden Bridge moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. By order dated October 16, 2019, the Supreme Court granted Golden Bridge's motion. In a related appeal, we have reversed that order (see Alleyne v Rutland Dev. Group, Inc., ____ AD3d ____ [Appellate Division Docket No. 2019-13512; decided herewith]).
On October 6, 2020, the plaintiff moved for leave to enter a default judgment against Rutland. Golden Bridge submitted opposition papers. By order dated February 24, 2021, the Supreme Court denied the plaintiff's motion as untimely. The plaintiff appeals, and we reverse.
As an initial matter, the plaintiff correctly contends that the motion for leave to enter a default judgment against Rutland was timely filed. The plaintiff served Rutland with the summons and complaint on March 25, 2019, pursuant to Business Corporation Law § 306 via service on the [*2]Secretary of State. Rutland defaulted by failing to appear or answer the complaint within 30 days (see CPLR 320[a]; 3012[c]). The plaintiff would have been required to take proceedings for the entry of a default judgment against Rutland within one year of the default, by April 24, 2020 (see id. § 3215[c]). However, time limitations in civil actions were tolled by executive order from March 20, 2020, until November 3, 2020 (see Brash v Richards, 195 AD3d 582). Since the plaintiff filed the motion on October 6, 2020, it was timely.
Moreover, the plaintiff established that she was entitled to a default judgment against Rutland. "A plaintiff seeking leave to enter a default judgment under CPLR 3215 must file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (National. Loan Invs., L.P. v Bruno, 191 AD3d 999, 1001; see CPLR 3215[f]). "[D]efaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). However, "'a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action'" (Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126).
Here, the plaintiff demonstrated service of the summons and complaint on Rutland and Rutland's default. Moreover, her submissions, including her affidavit in which she denied signing the deed and other documents related to the transfer of the property, were sufficient to demonstrate that her causes of action, insofar as asserted against Rutland, were viable (see Woodson v Mendon Leasing Corp., 100 NY2d at 70-71; see also Alleyne v Rutland Dev. Group, Inc., _____ AD3d _____).
Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment against Rutland.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court