Newrez, LLC v City of Middletown (2023 NY Slip Op 02322)

Newrez, LLC v City of Middletown

2023 NY Slip Op 02322

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-05721
 (Index No. 51/20)

[*1]Newrez, LLC, etc., appellant,
v
City of Middletown, respondent, et al., defendants.

Akerman, LLP, New York, NY (Eric M. Levine, Jordan M. Smith, and Samola E. Bonner of counsel), for appellant.
Alex Smith, Middletown, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine adverse claims to real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated July 21, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate so much of a prior order of the same court dated January 6, 2021, as, sua sponte, in effect, directed dismissal of the complaint.
ORDERED that the order dated July 21, 2021, is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to vacate so much of the prior order dated January 6, 2021, as, sua sponte, in effect, directed dismissal of the complaint is granted.
On December 29, 2018, the defendant City of Middletown, in accordance with its charter, conducted an auction of certain tax liens. The defendant Frinlet Derilus was the successful bidder on the tax lien related to a parcel of real property located at 35 Maple Drive in the City. The terms of sale for the auction specified that the redemption period—the period an owner or other interested party has to redeem the lien due prior to conveyance—would expire on December 30, 2019. A mortgage on the subject property was assigned to the plaintiff by assignment of mortgage dated October 1, 2019, and recorded on October 8, 2019. On January 2, 2020, the plaintiff's attorney contacted the City requesting the opportunity to redeem the lien on the property, but was informed that the redemption period had expired. The plaintiff commenced this action pursuant to RPAPL article 15 to, inter alia, vacate the tax lien sale and compel the City to accept payment for redemption of the lien on the property.
In an order dated January 6, 2021, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment and, sua sponte, in effect, directed dismissal of the complaint. In an order dated July 21, 2021, the court, inter alia, denied that branch of the plaintiff's motion which was to vacate so much of the order dated January 6, 2021, as, sua sponte, in effect, directed dismissal of the complaint. The plaintiff appeals from so much of the order dated July 21, 2021, as denied that branch of its motion.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871 [internal quotation marks omitted]; see U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048). Here, no extraordinary circumstances existed warranting dismissal of the complaint (see Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871). Accordingly, the Supreme Court should not have, sua sponte, in effect, directed dismissal of the complaint.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court