Newrez, LLC v City of Middletown (2023 NY Slip Op 02321)

Newrez, LLC v City of Middletown

2023 NY Slip Op 02321

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01192
 (Index No. 51/20)

[*1]Newrez, LLC, etc., appellant,
v
City of Middletown, respondent, et al., defendants.

Akerman, LLP, New York, NY (Eric M. Levine and Jordan M. Smith of counsel), for appellant.
Alex Smith, Middletown, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine adverse claims to real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated January 6, 2021. The order denied the plaintiff's motion for leave to enter a default judgement and, sua sponte, in effect, directed dismissal of the complaint.
ORDERED that the appeal from so much of the order as, sua sponte, in effect, directed dismissal of the complaint is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On December 29, 2018, the defendant City of Middletown, in accordance with its charter, conducted an auction of certain tax liens. The defendant Frinlet Derilus was the successful bidder on the tax lien related to a parcel of real property located at 35 Maple Drive in the City. The terms of sale for the auction specified that the redemption period—the period an owner or other interested party has to redeem the tax lien due prior to conveyance—would expire on December 30, 2019. A mortgage on the subject property was assigned to the plaintiff by assignment of mortgage dated October 1, 2019, and recorded on October 8, 2019. On January 2, 2020, the plaintiff's attorney contacted the City requesting the opportunity to redeem the tax lien on the property, but was informed that the redemption period had expired. The plaintiff commenced this action pursuant to RPAPL article 15 to, inter alia, vacate the tax lien sale and compel the City to accept payment for redemption of the tax lien on the property.
In an order dated February 10, 2020, the Supreme Court denied the plaintiff's motion to preliminarily enjoin the City from transferring title to the property and compelling the City to provide a redemption figure for the tax lien on the property. In that order, the court rejected the plaintiff's contention that the redemption period expired on January 4, 2020, determined that the redemption period expired on December 30, 2019, and thus, found that when the plaintiff's counsel contacted the City on January 2, 2020, the opportunity to redeem had already expired. In addition, [*2]the court rejected the plaintiff's contention that the City failed to provide adequate notice of the sale. In an order dated January 6, 2021, the court denied the plaintiff's motion for leave to enter a default judgment and, sua sponte, in effect, directed dismissal of the complaint, finding that the court's prior determination, in the order dated February 10, 2020, negated all alleged bases for the relief requested in the complaint and triggered application of the doctrines of collateral estoppel and law of the case. The plaintiff appeals from the order dated January 6, 2021.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500). Here, the plaintiff correctly contends, and the City, in effect, concedes in its brief on appeal, that the doctrine of collateral estoppel is inapplicable.
The doctrine of law of the case is also inapplicable. The doctrine of law of the case only applies "to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Foley v Foley, 190 AD3d 953, 954-955 [internal quotation marks omitted]; see Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841). The denial of a motion for a preliminary injunction does not constitute the law of the case or an adjudication on the merits (see Town of Concord v Duwe, 4 NY3d 870, 875).
Nonetheless, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment. On a motion for leave to enter a default judgment, the movant must submit, inter alia, evidence of the facts constituting the claim (see CPLR 3215[f]; Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 202; Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871). "[A] court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871 [internal quotation marks omitted]; see Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). Here, the plaintiff's submissions were insufficient to demonstrate that the complaint stated a viable cause of action (see Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871). Specifically, the plaintiff's submissions were insufficient to demonstrate that it attempted to redeem the tax lien prior to expiration of the redemption period, and/or that it was not provided with the required notice of the sale.
We must dismiss the appeal from so much of the order as, sua sponte, in effect, directed dismissal of the complaint. To obtain appellate review of an order or portion of an order issued sua sponte, a party may move to vacate the order or portion of the order and appeal as of right to the Appellate Division if that motion to vacate is denied (see Sholes v Meagher, 100 NY2d 333, 335). "This procedure ensures the appeal will be made upon a suitable record after counsel have had an opportunity to be heard" (id. at 335). Alternatively, a party may move pursuant to CPLR 5701(c) for leave to appeal from the order or portion of the order issued sua sponte. Even where, as here, a party fails to move for leave to appeal, this Court may, sua sponte, in its discretion, deem the party's notice of appeal to be a request for leave to appeal, and then grant leave to appeal (see Bank of Am., N.A. v Lucido, 163 AD3d 614, 614; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811, 811; Citimortgage, Inc. v Espinal, 136 AD3d 857, 857). Here, the plaintiff followed the procedure set forth in Sholes v Meagher (100 NY2d 333) by moving to vacate the sua sponte portion of the order dated January 6, 2021, and thereafter appealing from the denial of that motion. Accordingly, no valid reason exists for this Court to exercise its discretion to deem the plaintiff's notice of appeal from the order dated January 6, 2021, to be a request for leave to appeal from the sua sponte portion of that order. Indeed, the record in a related appeal (see Newrez, LLC v City of Middletown, _____ AD3d _____ [Appellate Division Docket No. 2021-05721; decided herewith]) addressing the denial of the plaintiff's motion to vacate provides a record more suitable for this Court's appellate review (see Sholes v Meagher, 100 NY2d at 336).
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court