Deutsche Bank Natl. Trust Co. v Cumbe (2023 NY Slip Op 03333)

Deutsche Bank Natl. Trust Co. v Cumbe

2023 NY Slip Op 03333

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-08001
2019-08006
 (Index No. 20727/08)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Gloria Cumbe, etc., appellant, et al., defendants.

David J. Broderick, LLC (Kenneth R. Berman, Forest Hills, NY [Kinga Kurzyna], of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite, Natsayi Mawere, and Yimell Suarez], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gloria Cumbe appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated May 1, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated May 1, 2019. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied the application of the defendant Gloria Cumbe to toll the accrual of interest on the subject mortgage loan. The order and judgment of foreclosure and sale, upon an order of the same court dated March 6, 2018, granting the plaintiff's motion for leave to enter a default judgment against the defendant Gloria Cumbe and for an order of reference, and denying that defendant's cross-motion to dismiss the complaint insofar as asserted against her, upon an order of the same court dated October 9, 2018, denying that defendant's motion to toll the accrual of interest on the subject mortgage loan, and upon the order dated May 1, 2019, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated May 1, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclose and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2008, the plaintiff commenced this action against, among others, the defendant Gloria Cumbe (hereinafter the defendant), to foreclose a mortgage on residential property located in Brooklyn. The defendant failed to timely answer the complaint. The plaintiff subsequently moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved to dismiss the complaint insofar as asserted against her. In an order dated March 6, 2018, the Supreme Court, among other things, granted those branches of [*2]the plaintiff's motion and denied the defendant's cross-motion. Thereafter, the defendant moved to toll the accrual of interest on the subject mortgage loan, which was denied by order dated October 9, 2018. The plaintiff thereafter moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and again requested that the accrual of interest be tolled. In an order dated May 1, 2019, the court granted the plaintiff's motion and denied the defendant's application to toll the accrual of interest on the mortgage loan. On that same date, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
The appeal from the order dated May 1, 2019, must be dismissed. The portion of that order which denied the defendant's application to toll the accrual of interest on the mortgage loan is not appealable as of right, and leave to appeal has not been granted (see CPLR 5701[a][2]). The right of direct appeal from the portion of that order which granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated May 1, 2019, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"The Supreme Court properly granted the plaintiff's motions for an order of reference, to confirm the referee's report, and for a judgment of foreclosure and sale. An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear. Here, the plaintiff satisfied these requirements. Similarly, the plaintiff established its entitlement to an order of reference" (HSBC Bank USA v Clayton, 146 AD3d 942, 944 [citations and internal quotation marks omitted]).
"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (HSBC Bank USA, N.A. v Thorne, 189 AD3d 1193, 1195). Here, the defendant failed to establish that she did not default or that she had a reasonable excuse for her default (see U.S. Bank N.A. v Donovan, 189 AD3d 918, 919). Inasmuch as the defendant failed to demonstrate a reasonable excuse for her default, we need not consider whether she offered a potentially meritorious defense to the action (see HSBC Bank USA, N.A. v Thorne, 189 AD3d at 1195).
Contrary to the defendant's contention, the Supreme Court properly denied her applications to toll the accrual of interest on the mortgage loan. "In actions of an equitable nature, including foreclosure actions, the recovery of interest is within the court's discretion" (Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386 [internal quotation marks omitted]). "The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (id. at 1386 [internal quotation marks omitted]). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (GMAC Mtge., LLC v Yun, 206 AD3d 798, 798-799 [internal quotation marks omitted]). Here, the defendant made no showing that there was any wrongdoing by the plaintiff or that the plaintiff engaged in any lengthy, unexplained delay in prosecution that would warrant sanctions against it in the form of the limitation of interest or otherwise (see CPLR 5001[a]; Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d at 1386; Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 868, 869-870).
The defendant's remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court