Cunningham v New York City Dept. of Educ. (2024 NY Slip Op 00063)

Cunningham v New York City Dept. of Educ.

2024 NY Slip Op 00063

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01575
2020-01576
 (Index No. 704555/19)

[*1]Paula Cunningham, appellant, 
v
New York City Department of Education, et al., respondents.

Paula Cunningham, Westbury, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York City Human Rights Law, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 5, 2019, and (2) an order of the same court entered January 30, 2020. The order entered August 5, 2019, denied the plaintiff's motion, inter alia, to deem denied the defendants' motion to adjourn the date by which they were required to serve an answer to the complaint. The order entered January 30, 2020, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
ORDERED that the order entered August 5, 2019, is affirmed; and it is further,
ORDERED that the order entered January 30, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff, a principal at a school located in Queens, commenced this action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of the New York City Human Rights Law. The defendants moved to adjourn the date by which they were required to serve an answer to the complaint. Thereafter, all of the defendants except Lorraine Haynes (hereinafter collectively the answering defendants) interposed an answer to the complaint, and the defendants withdrew their motion for an adjournment of the date by which they were required to serve an answer to the complaint. The plaintiff then moved, among other things, to deem denied the defendants' motion to adjourn the date by which they were required to serve an answer to the complaint. In an order entered August 5, 2019, the Supreme Court denied the plaintiff's motion.
In September 2019, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against all of the defendants. In an order entered January 30, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from both orders.
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was to deem denied the defendants' motion to adjourn the date by which they were required to serve an answer to the complaint. By the time the plaintiff filed that motion, the [*2]answering defendants had interposed an answer and the defendants had withdrawn their motion for an adjournment of the date by which they were required to serve an answer to the complaint. This branch of the plaintiff's motion, therefore, requested that the defendants be denied relief they were no longer seeking, warranting the denial of this branch of the plaintiff's motion.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see Deutsche Bank Natl. Trust Co. v Cumbe, 217 AD3d 832, 834; Global Liberty Ins. Co. v Haar Orthopaedics & Sports Med., P.C., 170 AD3d 1125, 1126). "[A] court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126; see Newrez, LLC v City of Middletown, 216 AD3d 655, 656-657). Here, the plaintiff's submissions were insufficient to demonstrate that the complaint stated a viable cause of action (see Newrez, LLC v City of Middletown, 216 AD3d at 656-657; Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court