Housing Trust Fund Corp. v Mastropolo (2025 NY Slip Op 00952)

Housing Trust Fund Corp. v Mastropolo

2025 NY Slip Op 00952

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-07447
 (Index No. 603100/18)

[*1]Housing Trust Fund Corporation, appellant,
v
Lawrence Mastropolo, et al., defendants.

d'Arcambal Ousley & Cuyler Burk LLP, New York, NY (Kimberly A. O'Toole, Mindy Dolgoff, and Vedant A. Gokhale of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered May 5, 2023. The order, insofar as appealed from, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
The plaintiff, Housing Trust Fund Corporation (hereinafter HTFC), in implementing the NY Rising Housing Recovery Program, awarded the defendants funds for the completion of repair work on real property damaged during Hurricane Sandy. Subsequently, HTFC allegedly obtained information indicating that the defendants had received storm recovery benefits from other sources. HTFC requested reimbursement for the allegedly duplicative benefits. HTFC thereafter commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendants had failed to repay the benefits. HTFC moved for leave to enter a default judgment against the defendants. In an order entered May 5, 2023, the Supreme Court denied HTFC's motion on the ground that the defendants did not default in answering the complaint and, sua sponte, directed dismissal of the complaint. HTFC appeals from so much of the order as, sua sponte, directed dismissal of the complaint.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871 [internal quotation marks omitted]). Here, no extraordinary circumstances existed to warrant dismissal of the complaint (see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116; Oak Hollow Nursing Ctr. v Stumbo, 117 AD3d 698, 699; cf. Morris v Zimmer, 227 AD3d 696, 702). Accordingly, the Supreme Court erred in, sua sponte, directing dismissal of the complaint.
In light of our determination, HTFC's remaining contentions need not be reached.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court