Project Guardianship v Chai 91 St. Marks PLC, LLC (2025 NY Slip Op 02360)

Project Guardianship v Chai 91 St. Marks PLC, LLC

2025 NY Slip Op 02360

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LINDA CHRISTOPHER, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-05938
 (Index No. 528127/22)

[*1]Project Guardianship, etc., appellant, 
v
Chai 91 St. Marks PLC, LLC, respondent.

Lienhard & Grumbach PLLC, Brooklyn, NY (Adam Z. Grumbach of counsel), for appellant.
Herrick, Feinstein LLP, New York, NY (Arthur G. Jakoby and Silvia Stockman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals, by permission, from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 16, 2024. The order, insofar as appealed from, sua sponte, directed dismissal of the complaint and denied, as academic, the plaintiff's motion for leave to enter a default judgment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, so much of the order as denied, as academic, the defendant's cross-motion to compel the plaintiff to accept its late answer and to consolidate this action with a guardianship proceeding entitled Matter of Cortez, commenced in the Supreme Court, Kings County, under Index No. 100205/19, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion for leave to enter a default judgment and the defendant's cross-motion to compel the plaintiff to accept its late answer and to consolidate this action with the guardianship proceeding.
The plaintiff, as guardian of Ray Cortez, commenced this action against the defendant, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property and for declaratory relief with regard to Cortez's claim to the property, which the defendant purchased at a foreclosure sale. The plaintiff subsequently moved for leave to enter a default judgment. The defendant opposed the motion and cross-moved to compel the plaintiff to accept its late answer and to consolidate this action with a guardianship proceeding entitled Matter of Cortez, commenced in the Supreme Court, Kings County, under Index No. 100205/19. In an order dated May 16, 2024, the Supreme Court, sua sponte, directed dismissal of the complaint and denied, as academic, the plaintiff's motion and the defendant's cross-motion. The plaintiff appeals.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 119). Here, no extraordinary circumstances existed warranting dismissal of the complaint (see Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871; Nissequogue Boat Club v State [*2]of New York, 14 AD3d 542, 544-545). Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint.
Since the Supreme Court denied, as academic, the plaintiff's motion for leave to enter a default judgment and the defendant's cross-motion to compel the plaintiff to accept its late answer and to consolidate this action with the guardianship proceeding, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of the motion and the cross-motion (see Binder v Tolou Realty Assoc., Inc., 205 AD3d at 871; Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665-666).
CHRISTOPHER, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court