New Penn Fin., LLC v Levanta Global, Inc. (2025 NY Slip Op 05690)

New Penn Fin., LLC v Levanta Global, Inc.

2025 NY Slip Op 05690

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-02232 
2023-02371
 (Index No. 506680/16)

[*1]New Penn Financial, LLC, etc., respondent,
v
Levanta Global, Inc., et al., defendants, Blue Way Realty, Inc., appellant.

Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Blue Way Realty, Inc., appeals from (1) an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 10, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated November 10, 2022. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied the application of the defendant Blue Way Realty, Inc., to toll or cancel the accrual of interest on the mortgage loan. The order and judgment of foreclosure and sale, upon two orders of the same court (Noach Dear, J.), both dated November 21, 2019, granting the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference, and upon the order dated November 10, 2022, granted the same relief to the plaintiff as the order dated November 10, 2022, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated November 10, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2016, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant Blue Way Realty, Inc. (hereinafter Blue Way), was joined in this action by a supplemental summons and amended complaint filed in June 2016.
In two orders, both dated November 21, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of [*2]foreclosure and sale. Blue Way opposed the motion. By order dated November 10, 2022, the Supreme Court granted the motion on the ground that the plaintiff established that Blue Way lacked standing to oppose the motion, having conveyed its interest in the property by deed dated August 11, 2015. An order and judgment of foreclosure and sale, also dated November 10, 2022, granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. Blue Way appeals.
The appeal from the order dated November 10, 2022, must be dismissed. The portion of that order which denied the defendant's application to toll or cancel the accrual of interest on the mortgage loan is not appealable as of right, and leave to appeal has not been granted (see CPLR 5701[a][2]; Deutsche Bank Natl. Trust Co. v Cumbe, 217 AD3d 832, 833). The right of direct appeal from the portion of the order which granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated November 10, 2022, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"A party who conveys his or her interest in property that is the subject of a foreclosure action 'effectively divest[s]' himself or herself 'of standing to challenge [a] plaintiff's request for a judgment of foreclosure and sale'" (Valiotis v Bekas, 191 AD3d 1037, 1038, quoting Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 974; see U.S. Bank N.A. v Nur, 208 AD3d 708).
The record demonstrated that Blue Way owned the property from August 22, 2012, when the borrower conveyed the property to Blue Way, until August 11, 2015, when Blue Way conveyed the property back to the borrower. Thus, at the time this action was commenced, in April 2016, Blue Way no longer had any interest in the property and, therefore, lacked standing to defend the action (see U.S. Bank N.A. v Nur, 208 AD3d at 708; Valiotis v Bekas, 191 AD3d at 1038). Blue Way has submitted no evidence to show that it still has an interest in the property. Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court