Deutsche Bank Natl. Trust Co. v Ould-Khattri (2022 NY Slip Op 00167)





Deutsche Bank Natl. Trust Co. v Ould-Khattri


2022 NY Slip Op 00167


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-10052
 (Index No. 7372/09)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Abderrahma Ould-Khattri, etc., et al., defendants; Courchevel 1850, LLC, et al., nonparty-appellants.


Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for nonparty-appellant Courchevel 1850, LLC.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath and Kyle Stefanczyk of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Courchevel 1850, LLC, and nonparty 464 Ovington, LLC, separately appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 16, 2018. The order, insofar as appealed from, granted the motion of nonparty Courchevel 1850, LLC, to toll the accrual of interest on the first mortgage loan only to the extent of directing that the accrual of interest be tolled for a period of one year.
ORDERED that the appeal by nonparty 464 Ovington, LLC, is dismissed, as it is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the motion of nonparty Courchevel 1850, LLC, to the extent of directing that the accrual of interest on the first mortgage loan be tolled for a period of one year, and substituting therefor a provision granting the motion to the extent of directing that the accrual of interest on the first mortgage loan be tolled for the period from August 22, 2011, through February 13, 2013, the period from September 26, 2013, through February 14, 2014, and the period from April 30, 2014, through September 9, 2015; as so modified, the order is affirmed insofar as appealed from by nonparty Courchevel 1850, LLC; and it is further,
ORDERED that one bill of costs is awarded to nonparty Courchevel 1850, LLC.
On February 7, 2006, the defendant Abderrahma Ould-Khattri (hereinafter the defendant) borrowed the sum of $799,200 from the plaintiff's predecessor in interest. The loan was evidenced by a note and secured by a mortgage, both executed by the defendant (hereinafter the first mortgage). Also on February 7, 2006, the defendant borrowed the additional sum of $199,800 from the plaintiff's predecessor in interest. This loan was evidenced by a note and mortgage executed by the defendant which were thereafter assigned to nonparty Courchevel 1850, LLC (hereinafter the appellant). On March 26, 2009, the plaintiff commenced this action to foreclose the first mortgage against the defendant, among others.
In an order dated August 16, 2011, and entered August 22, 2011, the Supreme Court denied the plaintiff's ex parte motion for an order of reference, with leave to renew, on the ground that the plaintiff had failed to comply with an administrative order. According to the appellant, the plaintiff filed a second ex parte motion for an order of reference on February 13, 2013. In an order dated September 18, 2013, and entered September 26, 2013, the court denied the plaintiff's second ex parte motion for an order of reference, again with leave to renew, on the ground, inter alia, that the plaintiff failed to include the note or the mortgage in the motion papers, and thus the plaintiff failed to make a prima facie showing of its entitlement to summary judgment. On February 14, 2014, the plaintiff filed a third motion for an order of reference. In an order dated April 24, 2014, and entered April 30, 2014, the court, inter alia, granted the plaintiff's motion for an order of reference (hereinafter the order of reference). Nearly 17 months later, on September 9, 2015, the plaintiff served the order of reference with notice of entry. In an order dated November 22, 2017, the court, inter alia, vacated the order of reference on the ground that the plaintiff had failed to serve one of the defendants, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS).
On January 5, 2018, the appellant, as successor in interest to MERS, moved to toll the accrual of interest on the first mortgage loan due to the plaintiff's delay in attempting to obtain a judgment. The appellant alleged that it was the holder of a second note and mortgage pertaining to the subject property, and that the second mortgage would be extinguished if the plaintiff succeeded in foreclosing on the first mortgage. Specifically, the appellant maintained that the plaintiff's motions for an order of reference inexplicably delayed the action for four years and that the plaintiff's delay prejudiced it "by draining any possible equity that may be left in the Subject Premises." In opposition, the plaintiff argued that it had not engaged in any unconscionable conduct.
In an order dated May 16, 2018, the Supreme Court, while explaining that the plaintiff's failure to prevail on its first two motions for an order of reference was not necessarily indicative of improper delay, determined that, after the plaintiff's third motion was granted, its service with notice of entry on September 9, 2015, of the order of reference entered April 30, 2014, constituted an excessive delay. However, the court tolled the accrual of interest for only one year. The appellant contends that the court should have tolled the accrual of interest on the first mortgage loan for additional periods of time.
"'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]; U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1307).
Here, the Supreme Court properly found that the nearly 17-month delay in the plaintiff's service of the notice of entry of the order of reference entered April 30, 2014, was excessive (see U.S. Bank N.A. v Houghton, 189 AD3d at 1307). However, it improvidently exercised its discretion in tolling the accrual of interest for only one year, as it should have been tolled for the entire period from April 30, 2014, through September 9, 2015. In addition, the court should have also tolled the accrual of interest for the time periods in which the plaintiff made two motions for an order of reference after its initial motion for an order of reference was denied for administrative reasons (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 863; Dayan v York, 51 AD3d 964, 965). The tolling of the accrual of interest during these time periods is not, as reasoned by the court, penalizing the plaintiff for losing its motions, but is instead a response to the plaintiff's unexplained delay in prosecuting the action by failing to promptly move for relief after the denial of its first and second motions. Notably, after the plaintiff's first motion for an order of reference was denied in August 2011, it failed to move again until February 2013. After the second motion was denied in September 2013, the plaintiff did not make its third motion until February 2014.
Accordingly, we modify the order appealed from so as to grant the appellant's motion to the extent of tolling the accrual of interest on the first mortgage loan for the period from August 22, 2011, through February 13, 2013, the period from September 26, 2013, through February 14, 2014, and the period from April 30, 2014, through September 9, 2015.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court