Wells Fargo Bank, N.A. v Chun Fei Lee (2022 NY Slip Op 05348)

Wells Fargo Bank, N.A. v Chun Fei Lee

2022 NY Slip Op 05348

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-09983
 (Index No. 880/11)

[*1]Wells Fargo Bank, N.A., etc., respondent-appellant,
v
Chun Fei Lee, et al., appellants-respondents, et al., defendants.

Brian McCaffrey Attorney at Law, P.C., Jamaica, NY, for appellants-respondents.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob and Patrick G. Broderick of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Chun Fei Lee and Lai Fong Lee appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered May 6, 2019. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated January 27, 2017, granting those branches of the motion of HSBC Bank USA, National Association, the plaintiff's predecessor in interest, which were to vacate an order of the same court (Martin J. Schulman, J.) dated April 29, 2015, which, sua sponte, directed dismissal of the complaint, and to restore the action to the court's calendar. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants Chun Fei Lee and Lai Fong Lee which was to toll the accrual of interest on the subject mortgage loan to the extent of tolling the accrual of interest from April 29, 2015, to February 22, 2017.
ORDERED that the appeal is dismissed; and it is further,
ORDERED that the order entered May 6, 2019, is reversed insofar as cross-appealed from, on the facts and in the exercise of discretion, and that branch of the motion of the defendants Chun Fei Lee and Lai Fong Lee which was to toll the accrual of interest on the subject mortgage loan is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant Chun Fei Lee executed a note in favor of Luxury Mortgage Corp., which was secured by a mortgage executed by him and the defendant Lai Fong Lee (hereinafter together the defendants) on property located in Bayside. After the defendants defaulted on the mortgage loan, in 2011, HSBC Bank USA, National Association (hereinafter HSBC), commenced this action to foreclose the mortgage. After a status conference, in an order dated March 18, 2015, the Supreme Court directed HSBC to appear at a final status conference on April 29, 2015, and to file an application seeking an order of reference by that date. In an order dated April 29, 2015, the court, sua sponte, directed dismissal of the complaint based on HSBC's failure to comply with the terms of the order dated March 18, 2015. On or about May 13, 2015, HSBC moved, inter alia, to [*2]vacate the order dated April 29, 2015, to restore the action to the court's calendar, and to amend the caption to substitute Wells Fargo Bank, N.A. (hereinafter Wells Fargo), as the plaintiff. In an order dated January 27, 2017, the Supreme Court granted HSBC's motion. The defendants appealed from the order dated January 27, 2017, but failed to perfect the appeal.
Meanwhile, the defendants moved in the Supreme Court, inter alia, for leave to reargue their opposition to those branches of HSBC's motion which were to vacate the order dated April 29, 2015, and to restore the action to the court's calendar, and to toll the accrual of interest on the mortgage loan beginning on the date of the commencement of the action. In an order entered May 6, 2019, the court, inter alia, in effect, granted leave to reargue and adhered to the prior determination granting those branches of HSBC's motion which were to vacate the order dated April 29, 2015, and to restore the action to the court's calendar. The court also granted that branch of the defendants' motion which was to toll the accrual of interest on the mortgage loan to the extent of tolling the accrual of interest from April 29, 2015, to February 22, 2017. The defendants appeal, and Wells Fargo cross-appeals, from the order entered May 6, 2019.
The issue the defendants seek to raise on this appeal was decided in the order dated January 27, 2017, which granted HSBC's motion, inter alia, to vacate the order dated April 29, 2015, and to restore the action to the court's calendar. The defendants appealed from the order dated January 27, 2017, and could have raised on that appeal the issue they seek to raise now, but since they failed to perfect that appeal within six months after the date of the notice of appeal, the appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a) (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 818-819). "As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for failure to perfect, although this Court has the inherent jurisdiction to do so" (Wells Fargo Bank, N.A. v Digirolamo, 185 AD3d 873, 874; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350; 2005-2011 Realty, LLC v Brailovskiy, 186 AD3d 788, 789-790). Under the circumstances presented here, we decline to exercise our discretion to determine the merits of the defendants' present appeal.
In actions of an equitable nature, including foreclosure actions, "the recovery of interest is within the court's discretion" (Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d 701, 703 [internal quotation marks omitted]). "The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (id. at 703 [internal quotation marks omitted]). Here, the defendants made no showing that there was any wrongdoing by HSBC or that HSBC "engaged in any lengthy unexplained delay in prosecution that would warrant the limitation of interest" (Bank of N.Y. Mellon v George, 186 AD3d 661, 664; see U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1307; Prompt Mtge. Providers of N. Am., LLC v Zarour, 155 AD3d 912, 915). Moreover, HSBC moved, inter alia, to vacate the order dated April 29, 2015, approximately two weeks after the order was issued, not, as stated in the order cross-appealed from, approximately 22 months thereafter (cf. Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d at 703). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to toll the accrual of interest on the mortgage loan.
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court