Krupnick v Romano (2023 NY Slip Op 05398)

Krupnick v Romano

2023 NY Slip Op 05398

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-08663
 (Index No. 27792/07)

[*1]Gary Krupnick, respondent,
v
Benedetto Romano, appellant, et al., defendants.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin and Mark Keurian of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Benedetto Romano appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated October 20, 2021. The order denied that defendant's motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered September 10, 2010, and to cancel and discharge of record the subject mortgage, or, in the alternative, to cancel any interest that had accrued from the date of entry of the order and judgment of foreclosure and sale.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Benedetto Romano which was to cancel any interest that had accrued from the date of entry of the order and judgment of foreclosure and sale, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Benedetto Romano.
The plaintiff commenced this action to foreclose a mortgage on certain real property located in Babylon owned by the defendant Benedetto Romano. An order and judgment of foreclosure and sale was entered on September 10, 2010, inter alia, directing the sale of the subject property. As of November 5, 2020, no foreclosure sale had been scheduled. Romano moved to vacate the order and judgment of foreclosure and sale and to cancel and discharge of record the subject mortgage, or, in the alternative, to cancel any interest that had accrued from the date of entry of the order and judgment of foreclosure and sale. In an order dated October 20, 2021, the Supreme Court denied the motion. Romano appeals.
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948, 948; see Notey v Darien Constr. Corp., 41 NY2d 1055, 1055-1056; Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d 701, 703). "[I]n an action of an equitable nature, interest and the rate and date from which it shall be computed [is] in the court's discretion" (CPLR 5001[a]; see Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386; Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d at 703). "The exercise of that discretion will be governed by the particular facts in each case, including any [*2]wrongful conduct by either party" (Dayan v York, 51 AD3d 964, 965; see Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d at 1386; Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d at 703).
Here, in opposition to Romano's motion, the plaintiff explained that his delay in proceeding with the sale of the subject property was based upon his opinion that it was not worthwhile to pursue a foreclosure sale due to market conditions and his belief that there was "no significant equity in the property" beyond the amount of the first mortgage on the property, which had priority over that held by the plaintiff. While the plaintiff's failure to conduct the sale based on a potential financial benefit to him was not wrongful conduct, per se, his inaction was the sole cause of the accrual of more than 10 years of postjudgment interest, which is roughly equivalent to the principal amount awarded in the order and judgment of foreclosure and sale in the first instance (see CPLR 5004). Under these circumstances, it would be inequitable to charge Romano with such accrued interest (see Dayan v York, 51 AD3d at 965; see also Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d at 703; U.S. Bank, N.A. v Peralta, 191 AD3d 924, 926; Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935). Thus, we modify the order appealed from accordingly.
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal.
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court