## Saxon Mtge. Servs., Inc. v Garcia

2024 NY Slip Op 31757(U)

May 20, 2024

Supreme Court, Kings County

Docket Number: Index No. 29666/2008

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 16th day of August, 2022.

**P R E S E N T**:

HON. CENCERIA P. EDWARDS, C.P.A.,
             Justice.
-----------------------------------------------------------------------X

SAXON MORTGAGE SERVICES, INC.,

                              Plaintiff(s),

              -against-

SAMUEL GARCIA, et al.,

                              Defendant(s).
-----------------------------------------------------------------------X

**ORDER**

Calendar No.:        47

Index No.:      29666/2008

Mot. Seq. No.:        1

The following e-filed papers read herein:                 NYSCEF Doc. Nos.:

Notice of Motion Affidavits (Affirmations) and Exhibits                 6-23
Opposing Affidavits (Affirmations) and Exhibits _____        _____
Reply Affidavits (Affirmations) and Exhibits _____        _____

Plaintiff Saxon Mortgage Services ("Plaintiff") commenced this action against, among others, defendant-mortgagor Samuel Garcia ("Defendant") to foreclose on the mortgage encumbering residential real property located at 715 Chauncey Street in Brooklyn, New York, alleging breach of contract for failure to pay the monthly installment payments beginning October 1, 2007.

Plaintiff in this instant motion, dated December 1, 2022, moves, *inter alia*, to vacate the conditional order of dismissal dated October 31, 2013, pursuant to CPLR 3216 and restore the case to the active calendar, to amend the caption and for a default judgment pursuant to CPLR 3215, and order of reference, RPAPL 1321.

By decision and Order dated March 27, 2012, the Court (Yvonne Lewis, J.) ordered Plaintiff to submit an affirmation as required by the new Rule promulgated by the Chief Administrative Judge Ann T. Pfau on October 20, 2010, within sixty (60) days of  said decision

1

[* 1]

and order by submission of an affidavit to her chambers, or Plaintiff's ex parte application for an order of reference and "the instant foreclosure action will be dismissed." According to the procedural history set forth in the moving papers-in-chief, Plaintiff did nothing to move the case along after this. Hence, by order dated October 31, 2013, the Court (Lawrence Knipel, J.), noting that a status conference had been held that day, ordered this action dismissed pursuant to CPLR 3216, unless plaintiff resumed prosecution within 90 days. On July 17, 2014, the court administratively dismissed the action *sua sponte*, for plaintiff's failure to comply with the conditional order of dismissal. Thereafter, Defendant transferred 75% of his interest to Rock NG Homes, LLC ("Rock")[1], by the recording of a deed dated February 11, 2015.

In support of restoring this action, Plaintiff contends that the *sua sponte* dismissal, as well as the conditional order on which it was based, was improper under CPLR 3216. A conditional order of dismissal "may have the same effect as a valid 90-day notice pursuant to CPLR 3216" (*U.S. Bank N.A. v Spence*, 175 AD3d 1346, 1348 [2d Dept 2019] [internal quotation marks omitted]), so long as the statutory preconditions are met (*see Griffith v Wray*, 109 AD3d 512, 513 [2d Dept 2013]). Such preconditions include that issue has been joined in the action, and that either one year has elapsed since joinder of issue, or six months since issuance of the preliminary court conference order, whichever is later (*see* CPLR 3216[b][1] and [2]). Since it appears to be undisputed that none of the defendants served an answer to the complaint, dismissal was not authorized under the statute because issue was never joined (*see U.S. Bank N.A. v Ricketts*, 153 AD3d 1298, 1299 [2d Dept 2017]). Additionally, a conditional order of dismissal is defective where, as here, "it did not state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (*HSBC Bank USA, N.A. v Garnes*, 186 AD3d 1620, 1621 [2d Dept 2020], quoting CPLR 3216[b][3]). Moreover, in these circumstances, it is also improper for a complaint to have been "administratively dismissed, without a motion, and without the entry of any formal order by the Supreme Court dismissing the complaint" (*id.*, citing *Cadichon v Facelle*, 18 NY3d 230, 235-236 [2011] and *U.S. Bank N.A. v Spence*, 175 AD3d at 1348).

---

[1] By order dated November 29, 2022, the Supreme Court (Larry D. Martin, J.) granted proposed defendant-intervenor, Rock NG, LLC's, mot. seq. #2, to the extent of granting leave for Rock to intervene and serve and file its late answer within 30 days. For the purpose of deciding that motion, the Court deemed Plaintiff's action, 14156/08, abandoned and "de-facto discontinued."

2

[* 2]

Although Plaintiff has shown that the dismissal based on CPLR 3216 was improper, it has as of the instant motion yet to proffer a justification as to why it took no further action to prosecute this matter. Plaintiff's affirmation submitted in support of the instant application, represents that after Justice Lewis's order directing compliance within sixty (60) days, it did nothing to prosecute this matter before the *sua sponte*, conditional order of Justice Knipel was issued directing Plaintiff to proceed to judgment within ninety (90) days. Moreover, despite the fact that the dismissal did not occur until July 17. 2013, nearly nine (9) months after the issuance of Justice Knipel's order, P still took no action. In fact, P did nothing until its filing of the instant motion on December 1, 2022.

"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (*Deutsche Bank Natl. Trust Co. v Ould-Khattri*, 201 AD3d 701, 703 [2d Dept 2022], quoting *Onewest Bank, FSB v Kaur*, 172 AD3d 1392, 1393-1394 [2d Dept 2019]). Thus, it is well-settled that "the recovery of interest is within the court's discretion," the exercise of which "will be governed by the particular facts in each case, including any wrongful conduct by either party" (*Onewest Bank, FSB v Kaur*, 172 AD3d at 1394). Moreover, the Second Department has repeatedly approved of the tolling of interest and fees that have accrued during periods of unexplained delays in prosecuting a foreclosure action (*see* e.g. *Deutsche Bank Natl. Trust Co. v Ould-Khattri*, 201 AD3d 701, 703-704 [2d Dept 2022] [three separate periods totaling 28 months];.*BAC Home Loans Servicing, L.P. v Jackson*, 159 AD3d 861, 863 [2d Dept 2018] [nearly 4-year delay]; *Greenpoint Mtge. Corp. v Lamberti*, 155 AD3d 1004, 1005-1006 [2d Dept 2017] [roughly 3-year delay]).

Based on the procedural history recounted above, Plaintiff's first act of neglect of this action commenced in 2012, when it failed to submit its affirmation within 30 days of the March 27, 2012, order of Justice Lewis. Thus, the period of delay is calculated from the May 26, 2012, expiration of that deadline until P's 12/1/22 making of the instant motion. It is noted that the delay here is more than twice any of the periods found by the Second Department to warrant tolling in the above cited cases. Instead of proffering an explanation for the delay in its moving papers, Plaintiff motion papers are silent, and has remained silent regarding whether interest should be tolled for the unexplained periods of delay in this case.

3

[* 3]

Accordingly, the portion of the above-referenced motion by Plaintiff seeking to vacate is GRANTED **to the extent** that it is:

**ORDERED** that this action is **conditionally restored**, provided that neither Plaintiff nor its privies has brought another action against the borrower-defendant(s) and/or their privies to recover any part of the underlying mortgage debt; and it is further

**ORDERED** that within 30 days of entry of this Order, **Plaintiff shall file an affidavit averring** that it is in compliance with RPAPL 1301(3), **specifically stating** that no other action or proceeding, in any court or tribunal, has been commenced or maintained to recover any part of the same debt secured by the subject mortgage, or, alternatively, if other actions to recover any part of the subject mortgage debt were brought, Plaintiff shall state in the affidavit all of the parties to those other action(s), the date of the respective commencement(s) of those actions, the outcome of the action(s), including whether any part of the debt has been collected, and Plaintiff shall also provide information sufficient to identify said action(s) within the relevant court records; and it is further

**ORDERED** that simultaneous with the filing of the above-referenced affidavit, Plaintiff shall email a copy of same to this Court in accordance with the published Part Rules; and it is further

**ORDERED** that within 30 days of entry of this Order, Plaintiff shall serve this Order with Notice of Entry by overnight mail upon the borrower-defendant to her last known residence, and to the borrower-defendant's attorney (if any), and to all other parties entitled to notice of proceedings in this action; and it is further

**ORDERED** that, to the extent that the present owners of the real property encumbered by the subject mortgage are not among those ordinarily deemed to be entitled to notice of proceedings in this action, Plaintiff shall also serve this Order with Notice of Entry upon them, in the same manner prescribed above; and it is further

**ORDERED** that within 10 days after service of Notice of Entry of this Order, Plaintiff shall file proof of same and email a copy to this Court in accordance with the published Part Rules; and it is further

**ORDERED** that this matter shall be fully restored to the calendar upon Plaintiff's **submission of adequate proof of strict compliance** with all conditions set forth above; and it is further

4

[* 4]

**ORDERED** that the portion of Plaintiff's application for, *inter alia*, a default judgment and an order of reference is **DENIED** in its entirety, **with leave to renew** upon proper papers addressing the deficiencies articulated above; and it is further

**ORDERED** that on any subsequent applications for relief, **Plaintiff shall file an affidavit** proffering its reason(s) why interest, late charges, and outstanding fees and costs on the loan, as well as attorney fees, during the nearly 10 1/2-year period between the date of the conditional dismissal order and the date of the Court's decision and order should not be tolled.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R:**

**Dated**: May __20__, 2024

_____

**S.C.J. Cenceria P. Edwards, CPA**

5

[* 5]