| **American Home Mtge. Servicing, Inc. v Shafi** |
|:---:|
| 2024 NY Slip Op 33627(U) |
| October 10, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 2332/2008 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 15th day of December, 2022.

P R E S E N T:

HON. CENCERIA P. EDWARDS, C.P.A.,

Justice.

-------------------------------------------------------------------------X

AMERICAN HOME MORTGAGE SERVICING, INC.,

Plaintiff(s),

-against-

SAFIA SHAFI; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et. al,

Defendant(s).

-----------------------------------------------------------------------X

**ORDER**

Calendar No.:

Index No.:     2332/2008

Mot. Seq. No.: 2

The following e-filed papers read herein:

NYSCEF Doc. Nos.:

Order to Show Cause, Affidavits (Affirmations) and Exhibits ____     5-20, 23-25____

Opposing Affidavits (Affirmations) and Exhibits _____     39-51_____

Reply Affidavits (Affirmations) and Exhibits _____     _____

This is an action to foreclose on the mortgage encumbering the residential real property known as 106 Doscher Street, Brooklyn, NY 11208.  By proposed order to show cause ("OSC") filed on December 23, 2021, and the signed OSC served on January 6, 2022, Plaintiff now moves for an Order vacating the *sua sponte* dismissal of this action, restoring the case to the active calendar, and granting Plaintiff leave to amend the pleadings for the purpose of adding nonparty SFH Holding Corp. ("SFH") as a party-defendant.

**PROCEDURAL HISTORY**

By summons and complaint filed January 22, 2008, Plaintiff commenced this foreclosure action against, *inter alia*, defendant Safia Shafi, the borrower and former owner of the mortgaged premises, alleging breach of contract for her continued failure to pay the monthly installment payments, commencing with the payment due on August 1, 2007.  Plaintiff represents that none

[* 1]

of the defendants answered the complaint or otherwise appeared in the action except for the borrower, Shafi, whose attorney, John R. McEntee, Esq., filed a notice of appearance on her behalf on or about May 21, 2010 (*see* NYSCEF Doc. #13).

On July 11, 2008, Plaintiff filed a Request for Judicial Intervention ("RJI") and moved, *ex parte*, for an Order of Reference ("ORef") and leave to enter a default judgment against the several defendants (*see* NYSCEF Doc. #14 [Plaintiff's RJI]). By Amended Decision and Order dated July 16, 2009, and entered July 20, 2009, the Court (Laura L. Jacobson, J.) denied the motion with leave to refile upon submission of proper papers, including an affidavit addressing whether this action was subject to mandatory settlement conferences pursuant to the then-newly enacted CPLR 3408 (*see* NYSCEF Doc. #15). Thereafter, in October of 2009, Plaintiff moved again, this time by notice of motion, for the same relief. By interim Decision and Order dated August 15, 2011, Justice Jacobson directed Plaintiff to submit, within 45 days, supplemental affidavits and/or affirmations addressing multiple issues (*see* NYSCEF Doc. #16). Thereafter, Justice Jacobson granted Plaintiff's request and extended the deadline to comply with the interim order to December 4, 2011. By Decision and Order dated March 9, 2012, and entered March 20, 2012, the Court denied the motion in its entirety because Plaintiff failed to submit the documents as directed in the prior orders (*see* NYSCEF Doc. #17).

According to the procedural history set forth in the moving papers-in-chief, Plaintiff did nothing to move this case along after its second motion for an ORef and leave to enter a default judgment was denied in March of 2012. By order dated September 10, 2013, the Court (Lawrence Knipel, J.), noting that a status conference had been held that day, found that "more than one year as elapsed since the joinder of issue and plaintiff has unreasonably neglected to prosecute this action" (NYSCEF Doc. #18). The Court, thus, ordered this action conditionally dismissed pursuant to CPLR 3216, and directed the County Clerk to vacate the Notice of Pendency, "unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof" (*id.*). This conditional order of dismissal was entered on October 15, 2013 (*see id.*). On July 10, 2014, the Court administratively dismissed the action *sua sponte*, for Plaintiff's failure to comply with the order (*see* NYSCEF Doc. #19).

By Decision and Order dated October 15, 2014, and entered December 31, 2014, the Court (Jacobson, J.) vacated the Notice of Pendency, deeming it null and void, based on Justice Knipel's conditional dismissal order (*see* NYSCEF Doc. #44). Thereafter, by deed executed July

2

[* 2]

31, 2018, and publicly recorded on August 6, 2018, defendant-borrower Shafi conveyed the subject premises to nonparty SFH (*see* NYSCEF Doc. #45). The record shows that this action remained inactive until Plaintiff e-filed the proposed OSC and supporting papers comprising the instant motion on December 23, 2021, and served the motion on January 6, 2022.

### ANALYSIS

Plaintiff now moves to restore this action, contending that the *sua sponte* dismissal, as well as the conditional order on which it was based, was improper under CPLR 3216. A conditional order of dismissal "may have the same effect as a valid 90-day notice pursuant to CPLR 3216" (*U.S. Bank N.A. v Spence*, 175 AD3d 1346, 1348 [2d Dept 2019] [internal quotation marks omitted]), so long as the statutory preconditions are met (*see Griffith v Wray*, 109 AD3d 512, 513 [2d Dept 2013]). Such preconditions include that issue has been joined in the action, and that either one year has elapsed since joinder of issue, or six months since issuance of the preliminary court conference order, whichever is later (*see* CPLR 3216[b][1] and [2]). Since it appears to be undisputed that none of the defendants served an answer to the complaint, dismissal was not authorized under the statute because issue was never joined (*see U.S. Bank N.A. v Ricketts*, 153 AD3d 1298, 1299 [2d Dept 2017]). Additionally, a conditional order of dismissal is defective where, as here, "it did not state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (*HSBC Bank USA, N.A. v Garnes*, 186 AD3d 1620, 1621 [2d Dept 2020], quoting CPLR 3216 [b][3]). Moreover, in these circumstances, it is also improper for a complaint to have been "administratively dismissed, without a motion, and without the entry of any formal order by the Supreme Court dismissing the complaint" (*id.*, citing *Cadichon v Facelle*, 18 NY3d 230, 235-236 [2011] and *U.S. Bank N.A. v Spence*, 175 AD3d at 1348).

In opposition, counsel for non-party SFH argues, *inter alia*, that bringing SFH into the case at this late juncture would be prejudicial because: when SFH purchased the mortgaged premises from borrower-defendant Shafi on July 31, 2018, this action had been dismissed for several years and there was no valid notice of pendency against the premises; Plaintiff did not make the instant motion to restore this action until more than three years after the August 6, 2018 recording of said deed; and this unique set of circumstances renders Plaintiff's foreclosure cause

3

[* 3]

of action time-barred and unenforceable as against SFH.[1]  However, it is noted that SFH is still a nonparty and has not moved for leave to intervene in this action.  Nor has SFH, in its opposing papers, articulated any substantive response to Plaintiff's core argument that the July 10, 2014 dismissal of this action was unauthorized under CPLR 3216.

Contrary to SFH's arguments, Plaintiff's request to amend the pleadings to include SFH as a party-defendant is proper because SFH, as the present owner of the subject premises whose interest is claimed to be subordinate to the mortgage lien, is a necessary party to this foreclosure action (*see* RPAPL § 1311 [1]).  Once SFH is a proper party to this action and appears herein, it will be able to raise any substantive and procedural defenses it deems appropriate. The Court, thus, finds that SFH's challenges to the viability of Plaintiff's cause of action and the enforceability of the mortgage are premature at this juncture.

The Court notes that Plaintiff served these motion papers on John R. McEntee, Esq., as the attorney-of-record for defendant-borrower Safia Shafi, pursuant to the May 2010 notice of appearance (*see* NYSCEF Doc. #25).  After Plaintiff made the instant motion, but before it was fully submitted for consideration by the Court, Mr. McEntee moved by OSC in motion sequence #3, to be relieved as counsel for Shafi, which the Court granted by order dated March 15, 2022 and entered March 17, 2022 (*see* NYSCEF Doc. #s 27-35).  Defendant-borrower Shafi did not submit any papers in response to the instant motion by Plaintiff, nor did any other named defendant.  Hence, except for the premature opposition papers submitted by nonparty SFH, this motion is unopposed and shall be granted to the extent indicated below.

### DELAYS IN PROSECUTION

Although Plaintiff has shown that the dismissal based on CPLR 3216 was improper, the record evinces what appears to be an extended delay in the prosecution of this action.  Since "[a] foreclosure action is equitable in nature and triggers the equitable powers of the court" (*Deutsche Bank Natl. Trust Co. v Ould-Khattri*, 201 AD3d 701, 703 [2d Dept 2022]), "the recovery of interest is within the court's discretion," the exercise of which "will be governed by the particular facts in each case, including any wrongful conduct by either party" (see *Onewest Bank, FSB v Kaur*, 172 AD3d 1392, 1393-1394 [2d Dept 2019]; CPLR § 5001).  The Second

---

[1] SFH raises additional opposing arguments questioning Plaintiff's authority to transact business in New York, and whether the attorneys who made the instant motion on Plaintiff's behalf lacked authority to do so.

4

Department has repeatedly approved of the tolling of interest and fees that have accrued during periods of unexplained delays in prosecuting a foreclosure action (*see* e.g. *Deutsche Bank Natl. Trust Co. v Ould-Khattri*, 201 AD3d 701, 703-704 [2d Dept 2022] [three separate periods totaling 28 months];.*BAC Home Loans Servicing, L.P. v Jackson*, 159 AD3d 861, 863 [2d Dept 2018] [nearly 4-year delay]; *Greenpoint Mtge. Corp. v Lamberti*, 155 AD3d 1004, 1005-1006 [2d Dept 2017] [roughly 3-year delay]).

In the case at bar, the record does not indicate, nor do the moving papers suggest, that Plaintiff did anything to prosecute this action in between the March 2012 denial of its second motion for an ORef and default judgment, and the September 10, 2013 status conference at which the conditional order of dismissal was issued. Moreover, although that order directed Plaintiff to resume prosecution within 90 days, and the eventual dismissal did not occur until July 10, 2014, some 10 months later, Plaintiff's moving papers proffer no explanation for why it did not avail itself of all of this additional time. Altogether, once the extended deadline for Plaintiff to supplement its second motion for an ORef and default judgment expired on December 4, 2011, it appears that this action remained dormant until Plaintiff filed the proposed OSC to initiate the instant motion practice on December 23, 2011.

For the foregoing reasons, this motion by Plaintiff is granted to the extent indicated below, and on condition that doing so will not violate RPAPL § 1301 (3)'s express prohibition on simultaneously maintaining multiple actions to collect on the same mortgage debt. All future applications by Plaintiff **shall** be accompanied by an affidavit presenting good cause for the periods of inactivity discussed above, which total more than 10 years. **The failure to make a sufficient showing shall result in the tolling of interest and fees** for these and any other unexplained periods of delay which may arise, or have already arisen, in prosecuting this matter.

Accordingly, the above-referenced motion is **GRANTED to the extent** that it is:

**ORDERED** that this action is **conditionally restored**, provided that neither Plaintiff nor its privies has brought another action against the borrower-defendant and/or her privies or successors-in-interest to recover any part of the underlying mortgage debt; and it is further

5

[* 5]

**ORDERED** that within 30 days of entry of this Order, **Plaintiff shall file an affidavit averring** that it is in compliance with RPAPL § 1301(3), **specifically stating** that no other action or proceeding, in any court or tribunal, has been commenced or maintained to recover any part of the same debt secured by the subject mortgage, or, alternatively, if other actions to recover any part of the subject mortgage debt were brought, Plaintiff shall state in the affidavit all of the parties to those other action(s), the date of the respective commencement(s) of those actions, the outcome of the action(s), including whether any part of the debt has been collected, and Plaintiff shall also provide information sufficient to identify said action(s) within the relevant court records; and it is further

**ORDERED** that within thirty (30) days of the entry of this Order, Plaintiff shall serve this Order with Notice of Entry by overnight mail upon the borrower-defendant to her last known residence, and to the borrower-defendant's present attorney (if any), and to all other parties entitled to notice of proceedings in this action; and it is further

**ORDERED** that within ten (10) days after service of Notice of Entry of this Order, Plaintiff shall file proof of same and email a copy to this Court in accordance with the published Part Rules; and it is further

**ORDERED** that **upon Plaintiff's submission of adequate proof of strict compliance** with all conditions set forth above, the July 10, 2014 administrative dismissal shall be vacated and this action restored to active status, and SFH Holding Corp. shall be added as a party-defendant, without prejudice to any of the previous proceedings herein, and **the Clerk of the Court shall amend the caption accordingly**; and it is further

**ORDERED** that within thirty (30) days of the restoration of this matter to active status, Plaintiff shall file a Supplemental Summons and Amended Complaint reflecting the addition of SFH Holding Corp. as a party-defendant to this action; and it is further

**ORDERED** that within ninety (90) days of the filing of the Supplemental Summons and Amended Complaint, Plaintiff shall serve process upon SFH Holding Corp. pursuant to Article 3

6

[* 6]

of the CPLR, which service may include service via the Secretary of State or delivery to SFH Holding Corp.'s place of business, and Plaintiff shall also serve the amended pleadings upon all other named parties.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R:**

**Dated**: October 10, 2024

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

7

[* 7]