Wilmington Sav. Fund Socy., FSB v Stein (2026 NY Slip Op 50337(U))

[*1]

Wilmington Sav. Fund Socy., FSB v Stein

2026 NY Slip Op 50337(U)

Decided on March 17, 2026

Supreme Court, Kings County

Edwards, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2026
Supreme Court, Kings County

Wilmington Savings Fund Society, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VERUS SECURITIZATION TRUST 2023-2, Plaintiff,

againstMenachem Stein, NUTA STEIN, 1522 40TH HOLDINGS LLC, WOLMAR LLC, REGINA LICHTENSTEIN, YECHIEL LICHENSTEIN, ASHER DIER, SORA PFEIFEER, YEHUDA PFEIFFER, CHANA STEIN, ROBERT STEIN, AVRUM ROSENBERG, YAAKOV KANELSKY, Defendants.

Index No. 507061/2024

Attorney for Plaintiff 
Roach & Lin, P.C. 
By: Shu Chen, Esq. 
Attorney for Defendant Nuta Stein 
Menashe & Lapa, LLP 
By: Chezki Menashe, Esq.

Genine D. Edwards, J.

The following e-filed papers read herein: NYSCEF Doc Nos.:
Notice of Motion, Affirmation, and Exhibits 58-80Notice of Cross-Motion, and Memorandum of Law 84-85Affirmation in Reply and Exhibit 86-87Affirmation in Reply, Memorandum of Law, and Exhibits 88-93In this commercial mortgage foreclosure action, plaintiff moved for an order confirming the referee's report and for a judgment of foreclosure and sale. Defendant Nuta Stein cross-moved for an order and judgment rejecting the referee's report, granting a judgment of foreclosure and sale for nominal damages of $1.00, and directing that the mortgage lien, judgment, and notice of pendency be extinguished upon payment of the $1.00 judgment of foreclosure and sale.
Upon due deliberation and consideration of all papers and arguments, this Court denies both motions. Plaintiff failed at its burden of proof, inter alia, by failing to proffer the servicing agreement to establish the affiant's authority. LNV Corp. v. Almberg, — AD3d —, 2026 NY Slip Op. 00886 (2d Dept. 2026) and failed to lay the foundation for the admissibility of the documents submitted to support the referee's report. U.S. Bank N.A. v. Winnie Realty Group, LLC, 237 AD3d 871, 232 N.Y.S.3d 63 (2d Dept. 2025).
In addition, although defendant Stein defaulted in interposing an answer, defendant Stein retained the right to object to the referee's report. U.S. Bank N.A. v. Ashon, 226 AD3d 941, 211 N.Y.S.3d 392 (2d Dept. 2024). It should be noted that this Court does not consider exhibits annexed to reply papers when they are offered in an attempt to cure a deficiency in the moving papers. Pena v. Geisinger Community Med. Ctr., 209 AD3d 663, 174 N.Y.S.3d 873 (2d Dept. 2022).
However, this Court is not persuaded by defendant Stein's argument regarding nominal damages. A foreclosure action triggers this Court's equitable powers. Krupnick v. Romano, 220 AD3d 941, 199 N.Y.S.3d 113 (2d Dept. 2023); Rajic v. Faust, 165 AD3d 716, 85 N.Y.S.3d 470 (2d Dept. 2018). Defendants entered into a note and mortgage with Plaza Home Mortgage Inc., on July 7, 2022. Thereafter, defendants stopped making monthly payments pursuant to the note and mortgage. Based upon the record before this Court, a determination that defendant Stein owes merely nominal damages fails to comport with principles of equity.
Accordingly, as the Second Department has found, the referee shall submit a new report computing the amount due to the plaintiff. Deutsche Bank Natl. Trust Co. v. Quaranta, 231 AD3d 929, 220 N.Y.S.3d 807 (2d Dept. 2024); Wells Fargo Bank, N.A. v. Laronga, 219 AD3d 1559, 197 N.Y.S.3d 531 (2d Dept. 2023); Bank of NY Mellon v. Conforti, 209 AD3d 942, 176 N.Y.S.3d 682 (2d Dept. 2022); Wilmington Sav. Fund Socy., FSB v. Moriarty-Gentile, 190 AD3d 890, 140 N.Y.S.3d 538 (2d Dept. 2021).
This constitutes the Decision and Order of this Court.
E N T E RGenine D. Edwards