HSBC Bank USA, N.A. v Ehrenthal

2026 NY Slip Op 01949

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, National Association, respondent,

v

Samuel Ehrenthal, et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-06410, (Index No. 31810/21)

Betsy Barros, J.P.

Angela G. Iannacci

Helen Voutsinas

Susan Quirk, JJ.

Menashe & Associates LLP, Montebello, NY (Chezki Menashe of counsel), for appellants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Samuel Ehrenthal and Frimet Ehrenthal appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Paul I. Marx, J.), dated May 15, 2023. The order and judgment of foreclosure and sale, upon an order of the same court dated July 27, 2022, inter alia, granting that branch of the plaintiff's motion which was to confirm a referee's finding, made after a trial, that the plaintiff had standing to commence this action, granted the plaintiff's motion, among other things, to confirm the referee's report of computation and for a judgment of foreclosure and sale, denied the cross-motion of the defendants Samuel Ehrenthal and Frimet Ehrenthal to toll all interest, costs, and fees due to the plaintiff from the date of commencement of this action to the present and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs, confirmed the referee's report of computation, and directed the sale of the subject property.

ORDERED that the order and judgment of foreclosure and sale is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross-motion of the defendants Samuel Ehrenthal and Frimet Ehrenthal which was to toll all interest due to the plaintiff from the date of commencement of this action to the present, and substituting therefor a provision granting that branch of the cross-motion to the extent of tolling the accrual of interest from August 20, 2015, to August 19, 2019; as so modified, the order and judgment of foreclosure and sale is affirmed, without costs or disbursements.

In August 2009, HSBC Bank USA, National Association, as trustee for MHL 2007-2 (hereinafter HSBC/MHL), commenced this action against the defendants Samuel Ehrenthal and Frimet Ehrenthal (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Monsey. By corporate assignment of mortgage dated October 7, 2013, the mortgage was assigned by HSBC/MHL to HSBC Bank USA, National Association, as Trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates (hereinafter HSBC/MortgageIT).

On August 20, 2015, HSBC/MHL moved, inter alia, for summary judgment on the [*2]complaint insofar as asserted against the defendants, to dismiss the defendants' affirmative defenses, in effect, for leave to amend the caption to name HSBC/MortgageIT as the plaintiff, and for an order of reference. In support of the motion, HSBC/MHL submitted, among other things, an affidavit of Mahilet Ayalew, a vice president of loan documentation employed by Wells Fargo Bank, NA (hereinafter Wells Fargo), HSBC/MHL's loan servicer. Ayalew attested, inter alia, that "[HSBC/MortgageIT] had possession of the Promissory Note on or before August 28, 2009, the date that this action was commenced." The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated December 30, 2015, the court granted HSBC/MHL's motion and denied the defendants' cross-motion.

Upon the defendants' appeal from the order dated December 30, 2015 (hereinafter the prior appeal), this Court modified the December 30, 2015 order by denying those branches of HSBC/MHL's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' affirmative defenses, in effect, for leave to amend the caption to name HSBC/MortgageIT as the plaintiff, and for an order of reference (see HSBC Bank USA, N.A. v Ehrenthal, 158 AD3d 668, 669). Among other things, the Court found that Ayalew's affidavit was insufficient to establish standing "in the absence of an allegation and evidence that [HSBC/MortgageIT] was the same entity as [HSBC/MHL]" (id. at 670).

Thereafter, HSBC/MHL moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, to amend the caption to name HSBC/MortgageIT as the plaintiff, and for an order of reference, this time submitting an affidavit attesting that HSBC/MHL was an abbreviation for, and the same entity as, HSBC/MortgageIT. In an order dated August 19, 2019, the Supreme Court denied the motion, finding that HSBC/MHL's submissions had "fail[ed] to provide proof to support this position." The court directed that a trial be held on the issue of standing, at which "plaintiff shall produce admissible evidence identifying HSBC/MortgageIt and HSBC/MHL as the same entity."

The trial was held on December 4, 2019, and August 11, 2021. After the trial, a referee submitted a report (hereinafter the referee's report after trial) recommending that the Supreme Court determine that HSBC/MHL had established through admissible evidence and testimony that HSBC/MHL was the same entity as HSBC/MortgageIT and that "the two acronyms are used interchangeably with different parties to refer to the same trust." Accordingly, the referee recommended that the court determine that HSBC/MHL had established possession of the note, and therefore its standing, at the time of commencement of this action. In addition, "due to the history of this case," in which HSBC/MHL "was given at least three opportunities to prove its standing, . . . yet [HSBC/MHL] failed, and was given another opportunity with this limited issue hearing," the referee recommended that the court toll interest from February 14, 2018, the date of this Court's decision and order on the prior appeal, to August 19, 2019, the date of the Supreme Court's order directing that the trial be held, "or another date range that the Court deems appropriate."

In October 2021, HSBC/MHL moved, among other things, to confirm the referee's report after trial, to amend the caption to name HSBC/MortgageIT as the plaintiff, and for an order of reference. The defendants cross-moved to reject the referee's report after trial or, in the alternative, to dismiss the action for lack of standing.

By order dated July 27, 2022, the Supreme Court granted HSBC/MHL's motion and denied the defendants' cross-motion, confirmed the referee's report after trial, and appointed a referee to compute the amounts due. Thereafter, HSBC/MortgageIT (hereinafter the plaintiff) moved, inter alia, to confirm the referee's report of computation and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved to toll all interest, costs, and fees due to the plaintiff from the commencement of this action to the present and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs as a sanction for frivolous conduct. By order and judgment of foreclosure and sale dated May 15, 2023, the Supreme Court granted the plaintiff's motion, denied the defendants' cross-motion, confirmed the referee's report of computation, and directed the sale of the property. The defendants appeal.

"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (U.S. Bank N.A. v Dallas, 212 AD3d 680, 681 [internal quotation marks omitted]). "A referee's credibility determinations are entitled to great weight because, as the trier of fact, he or she has the opportunity to see and hear the witnesses and to observe their demeanor" (Anvaer v Anvaer, 160 AD3d 794, 796 [internal quotation marks omitted]). Here, a witness at the trial, an employee of Wells Fargo, identified certain documents, including a pooling and servicing agreement, that supported her testimony that HSBC/MHL and the plaintiff were the same entity. Therefore, the referee's determination to credit the testimony of the sole witness at the trial was substantially supported by the record. Accordingly, the Supreme Court properly confirmed the referee's report after trial.

"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Deutsche Bank Natl. Trust Co. v Ould-Khattri, 201 AD3d 701, 703 [internal quotation marks omitted]; see Krupnick v Romano, 220 AD3d 941, 942). "[I]n an action of an equitable nature, interest and the rate and date from which it shall be computed [is] in the court's discretion" (CPLR 5001[a]; see Krupnick v Romano, 220 AD3d at 942; Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386). "'The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Krupnick v Romano, 220 AD3d at 942, quoting Dayan v York, 51 AD3d 964, 965).

Here, the defendants are correct that the plaintiff's changing theory of the case was responsible for much of the delay in this matter. While the referee recommended, and the Supreme Court directed, that the accrual of interest be tolled from February 14, 2018, the date of this Court's decision and order on the prior appeal modifying the Supreme Court's December 30, 2015 order so as to deny those branches of HSBC/MHL's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' affirmative defenses, in effect, for leave to amend the caption, and for an order of reference, to August 19, 2019, the date of the Supreme Court's order directing that the trial be held, we find that the accrual of interest should be tolled from August 20, 2015, when HSBC/MHL first moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference based on submission of prior affidavits and affirmations representing that HSBC/MHL and the plaintiff were separate entities, to August 19, 2019.

"A court, 'in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 550, quoting 22 NYCRR 130-1.1[a]; see U.S. Bank N.A. v Tait, 234 AD3d 889, 891-892). "Although the advancement of a meritless position may serve as the basis for a finding of frivolity, the standard for such a showing is high: the rule provides that a position will be deemed frivolous only where it is 'completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law'" (Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d at 550, quoting 22 NYCRR 130-1.1[c][1]; see U.S. Bank N.A. v Tait, 234 AD3d at 891-892). Here, the defendants failed to meet their burden to demonstrate that the plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1(c) (see U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842).

Contrary to the plaintiff's contention, under the circumstances, the defendants' cross-motion to reject the referee's report after trial was timely filed. As to the defendants' cross-motion to toll all interest, costs, and fees due to the plaintiff from the commencement of this action to the present and pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and costs, we find that the Supreme Court did not improvidently exercise its discretion by, in effect, extending the defendants' time to file their cross-motion (see CPLR 2004; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 948).

BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court